## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,                        Case No. 06-20076

v.                                      Hon. Denise Page Hood

ROBERT FREDERICK SHARPE,

      Defendant.

_____/

## ORDER DENYING LETTER REQUEST TO SET ASIDE CONVICTION
## (ECF No. 74)

This matter is before the Court on *pro se* letter request by Defendant Robert F. Sharpe seeking to have his "felony conviction set aside." (ECF No. 74, PageID.1179) He indicates he has served his time and was released in October 2010. Since his release, Sharpe asserts he has had no contact with the police and have not been in any trouble. He is active in the community and looking to run for public office someday. *Id*.

On July 21, 2006, a jury found Sharpe guilty of Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1) in Count 1 of the Indictment, but acquitted on the Possession of a Firearm by an Illegal Drug User, 18 USC § 922(g)(3) in Count II. Sharpe was sentenced on December 7, 2006 to a term of 72 months imprisonment,

followed by two years on supervised release.  (Judgment, ECF No. 56)  Sharpe appealed the Judgment to the Sixth Circuit of Appeals which was affirmed on June 17, 2008.  (ECF No. 66)  Sharpe did not appeal the matter to the United States Supreme Court.

Sharpe does not cite any legal authority to support his request.  If Sharpe filed this request under 28 U.S.C. § 2255, the request is untimely.  Section 2255 authorizes a federal prisoner to move the district court to vacate a sentence. 28 U.S.C. § 2255(a).  Motions brought under 28 U.S.C. § 2255 are subject to a one-year limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *Dunlap v. United States,* 250 F.3d 1001, 1004-05 (6th Cir. 2001).  The AEDPA established a one-year limitations period for § 2255 motions, generally running from "the date on which the judgment of conviction becomes final."  28 U.S.C. § 2255(f)(1).  When a movant does not pursue a direct appeal to the court of appeals, the conviction becomes final on the date the time for filing such an appeal expires.  *Sanchez-Castellano v. United States,* 358 F.3d 424, 428 (6th Cir. 2004).  To prevail in a § 2255 motion, a petitioner "must allege three bases:  (1) an error of constitutional magnitude; (2) a sentence imposed outside of the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid."  *Weinberger v.*

*United States,* 268 F.3d 346, 351 (6th Cir. 2001).

A court may not conduct a collateral review of a judgment where the issues for review have been decided on direct appeal. *DuPont v. United States,* 76 F.3d 108, 110-11 (6th Cir. 1996). A court also may not conduct a collateral review of an issue that has been procedurally defaulted by the defendant's failure to raise the grounds for review on direct appeal. *Massaro v. United States,* 530 U.S. 500, 504 (2003). Section 2255 is not a substitute for a direct appeal and a defendant cannot use it to circumvent the direct appeal process. *United States v. Frady,* 460 U.S. 152, 164-65 (1982); *Elzy v. United States,* 205 F.3d 882, 884 (6th Cir. 2000). Where a defendant fails to raise claims on direct appeal and attempts to raise them in a § 2255 motion, the defendant must show good cause for the failure to raise the claims and establish prejudice or the defendant must show he or she is actually innocent. *Regalado v. United States,* 334 F.3d 520, 528 (6th Cir. 2003).

In this case, the Court of Appeals issued its decision affirming the Judgment on June 17, 2008. Sharpe did not file any further appeal to the United States Supreme Court. The instant request was filed on September 19, 2024, more than 16 years after the Court of Appeals' decision and well-beyond the one-year limitation period to file a § 2255 motion to set aside a conviction. The Court denies Sharpe's request as an untimely motion under § 2255.

If Sharpe was requesting sealing his criminal record or an expungement of his conviction, the Court also denies such a request. "The public has a strong interest in obtaining the information contained in the court record." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983); *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). *See, Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 n. 17 (1980) (Historically, both civil and criminal trials have been presumptively open.). The burden of overcoming that presumption is borne by the party that seeks to seal them. *Shane*, 825 F.3d at 305. The burden is a heavy one: "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). Sharpe's request to seal documents in his case is denied in that he has not met his heavy burden as to why these documents should be sealed. It is noted that sealing documents on a court case does not necessarily remove the underlying information of a criminal case as part of a background check since such information may be available through other law enforcement databases and commercial credit reports.

As to expungement of criminal records, the Sixth Circuit, in affirming a district court's denial of an expungement of a defendant's criminal records, stated that federal courts have "inherent equitable powers ... to order the expungement of

a [criminal] record in an appropriate case." *See United States v. Doe,* 556 F.2d 391, 392, 393 (6h Cir. 1977).  Since *Doe,* the Sixth Circuit has ruled that a district court's *ancillary* jurisdiction to expunge records of unlawful convictions or arrests is limited.  *United States v. Field,* 756 F.3d 911, 915 (6th Cir. 2014). Where there is no statutorily-grounded permission to expunge, a federal court may assert ancillary jurisdiction to expunge criminal records.  *Id.* (citing, *United States v. Carey,* 602 F.3d 738, 740 (6th Cir. 2010) ("An order on a motion to expunge a conviction is within the equitable jurisdiction of the federal district court.")).

However, the district court's ancillary jurisdiction to hear motions to expunge is limited.  *Id.*  Federal courts lack ancillary jurisdiction over motions for expungement that are grounded on purely equitable considerations, such as motions alleging that the movant has maintained good conduct and that the record of arrest harms the movant's employment opportunities.  *Id.* (citing, *United States v. Lucido,* 612 F.3d 871, 874 (6th Cir. 2010)).  Ancillary jurisdiction over such motions does not enable a court "to manage its proceedings, vindicate its authority, and effectuate its decrees."  *Id.* (quoting, *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 380 (1994)).  Courts have not granted expungement based on the inability to obtain employment even though a defendant has attained many accomplishments since conviction and has lived a law-abiding life.  *See United*

*States v. Saah,* 2007 WL 734984 (E.D. Mich. Mar. 8, 2007); *United States v. Ursery,* 2007 WL 1975038 (E.D. Mich. Jul. 2, 2007); *United States v. Lind,* 2006 WL 2087726 (E.D. Mich. Jul. 25, 2006).

For the reasons set forth above,

IT IS ORDERED that Defendant Robert Frederick Sharpe's Request to Set Aside his Conviction or Otherwise Seal/Expunge his Criminal Case **(ECF No. 74)** is DENIED.


s/Denise Page Hood
DENISE PAGE HOOD
United States District Judge

DATED:  August 15, 2025

6